**JOHN L. BURRIS, Esq., SBN 69888**
**ADANTE D. POINTER, Esq., SBN 236229**
**PATRICK M. BUELNA, Esq., SBN 317043**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Center
7677 Oakport St., Suite 1120
Oakland, CA 94621
Telephone:     (510) 839-5200
Facsimile:      (510) 839-3882
Email: John.Burris@johnburrislaw.com
Email: Adante.Pointer@johnburrislaw.com
Email: Patrick.Buelna@johnburrislaw.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARIA BERNSTEIN, an individual, <br>      Plaintiff, <br> v. <br><br> BAY AREA RAPID TRANSIT, a municipal corporation; HERNESTO ENERIO, individually and in his official capacity as a Police Officer for the BAY AREA RAPID TRANSIT POLICE; ERIC HOFSTEIN, individually and in his official capacity as a Police Officer for the BAY AREA RAPID TRANSIT POLICE DEPARTMENT; and DOES 1-50, inclusive. <br>      Defendants. | Case No.: <br><br> COMPLAINT FOR DAMAGES <br><br><br> JURY TRIAL DEMANDED |

1

**INTRODUCTION**

1.    This case arises out of an incident on January 31, 2017 at approximately 8 A.M. when two Bay Area Rapid Transit Police Officers unlawfully dragged Plaintiff Maria Bernstein, a fifty-year-old female attorney, off the BART train while on her way to work. BART Officers threw Ms. Bernstein face-first onto the concrete train platform causing her to hit her head and suffer a concussion as well as cuts and bruises to her head and body.

**JURISDICTION**

2.    This action arises under Title 42 of the United States Code, Section 1983. Title 28 of the United States Code, Sections 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in San Francisco, California, which is within this judicial district. Title 28 United States Code Section 1391(b) confers venue upon this Court.

**PARTIES**

3.    Plaintiff herein, MARIA BERNSTEIN, is, and at all times herein mentioned, a citizen of the United States. Plaintiff is over the age of eighteen (18) years. Plaintiff is a resident of Oakland, Alameda, California.

4.    Defendant BAY AREA RAPID TRANSIT (hereinafter "BART") is and at all times herein mentioned is a municipal entity duly organized and existing under the laws of the State of California that manages and operates the BAY AREA RAPID TRANSIT POLICE DEPARTMENT.

5.    Defendant ERIC HOFSTEIN was and at all times mentioned herein is a police officer for the Bay Area Rapid Transit Police Department, and is sued in his individual and official capacity.

6.    Defendant HERNESTO ENERIO was and at all times mentioned herein is a police officer for the Bay Area Rapid Transit Police Department, and is sued in his individual and official capacity.

5.    Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names.  Plaintiff will amend this complaint to allege his true names and capacities when ascertained.  Plaintiff believes and alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth.  Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public

2

policy, and false arrests.  Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiff will ask leave to amend this complaint subject to further discovery.

6.     In doing the acts alleged herein, Defendants, and each of them acted within the course and scope of their employment for the BAY AREA RAPID TRANSIT.

7.     In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

8.     Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

9.     Plaintiff filed a timely government claim, which was rejected on September 15, 2017.

**STATEMENT OF FACTS**

10.     At approximately 8 A.M. on January 31, 2017, Plaintiff Maria Bernstein, a fifty year old woman, was a passenger on the BART train on her daily morning commute to work in San Francisco, where she works as an attorney. While on her commute, Ms. Bernstein began to inform fellow passengers of a protest against President Trump's recent immigration ban that was scheduled for later that day at Senator Feinstein's office. After a couple of minutes making announcements of the location and the subject of the protest, Ms. Bernstein fell silent and waited patiently for her stop.

10.     Approximately ten minutes later, Defendant BART Police Officer Eric Hofstein boarded the BART train at Embarcadero Station and demanded that Ms. Bernstein exit the train. Ms. Bernstein was bewildered by the officer's demand since she had not made any comments for quite some time. Nevertheless, Ms. Bernstein informed Officer Hofstein that she had a First Amendment right to protest the government action and to  encourage people to join in the protest.

11.     Suddenly Officer Hofstein grabbed Ms. Bernstein, who is approximately 5'4", without legal cause and, with the help of Defendant Officer Enerio, violently dragged Ms. Bernstein off the train. Then Defendant Officers threw Ms. Bernstein face-first onto the concrete train platform causing Ms. Bernstein to hit her head and cry out in pain. Afterwards, Defendant Officers piled on top of Ms. Bernstein and intentionally twisted her arm causing her to suffer extreme pain. Ms. Bernstein alerted

3

Defendant Officers that she was injured and, due to the officers' weight, could not breathe. The Defendant Officers ignored Ms. Bernstein's pleas.. Eventually officers summoned an ambulance, which transported Ms. Bernstein to San Francisco General Hospital.

12. As a result of Defendant Officers' unreasonable, unlawful and excessive force, Ms. Bernstein suffered a concussion as well as cuts and bruises on her body.

13. Although Plaintiff demonstrated no signs of mental illness, the Defendant Officers declared they detained her for a mental health detention pursuant to California Welfare and Institutions Code Section 5150. Plaintiff learned from a nurse at San Francisco General Hospital that law enforcement agency officers, including BART officers, were systematically detaining protesters under the false pretense of being mentally disturbed under California Welfare and Institutions Code Section 5150 even though they were not mentally ill. Tellingly, Plaintiff Maria Bernstein and several other protesters were promptly released from their 5150 holds shortly after being evaluated at San Francisco General Hospital.

## DAMAGES

14. As a proximate result of Defendants' unreasonable and excessive force, Plaintiff suffered physical injury, loss of wages, emotional distress, fear, terror, anxiety, humiliation, and loss of sense of security, dignity, and pride as a United States Citizen.

15. The conduct of the Defendant Police Officers was malicious, wanton, and oppressive. Plaintiff is therefore entitled to and award of punitive damages against said yet-to-be identified Defendant Officers.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Fourth Amendment – Unlawful Detention and Arrest under 42 U.S.C. Section 1983)**
*(Against Defendants Hofstein, Enerio and DOES 1-25)*

16. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 15 of this complaint.

17. At the time Defendant Officers seized Plaintiff, they did not have reasonable suspicion and/or probable cause to make a detention and/or arrest. Instead Defendant Officers violently dragged Plaintiff from the train car, unlawfully threw her to the concrete, and piled on top of her. These actions

4

violated Plaintiff's right to be secure in her person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution.

18.    As a result of their misconduct, the Defendant Officers are liable for Plaintiff's injuries either because they were integral participants in the wrongful arrest or because they failed to intervene to prevent these violations.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
**(Fourth Amendment – Excessive Force under 42 U.S.C. Section 1983)**
*(Against Defendants Hofstein, Enerio and DOES 1-25)*

19.    Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 18 of this Complaint.

20.    At the time Defendant Officers seized Plaintiff, they did not have reasonable suspicion and/or probable cause to make a detention and/or arrest. Defendant Officers violently dragged Plaintiff from the train car, unlawfully threw her to the concrete, and piled on top of her. These actions were an excessive and unreasonable use of force, especially considering that Plaintiff had purchased a ticket to be on the BART and had a legal right to be on the train. These Defendant Officers' actions violated Plaintiff's right to be free from excessive force as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution.

21.     As a result of their misconduct, each of the Defendant Officers is liable for Plaintiff's injuries, either because they were an integral participant in, or failed to intervene in, the conduct described above;

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION
**(First Amendment – Excessive Force in Retaliation for Protest)**
*(Against Defendants Hofstein, Enerio and DOES 1-25)*

22.    Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 21 of this complaint.

23.    At all times relevant herein, Plaintiff had a right to free speech and to protest against government action as afforded and provided by the First Amendment and protected against retaliation

5

by the same.

24. Upon information and belief, Defendant Officers chose to use and/or used excessive force against Plaintiff in retaliation for Plaintiff's exercising her right to protest a government action, which violated Plaintiff's right to protest under the First Amendment. Plaintiff further alleges that Defendant Officers had no basis to conduct a 5150 detention under California Welfare and Institutions Code Section 5150 since Plaintiff had not exhibited any signs of a mental illness. Plaintiff alleges officers used the 5150 detention as a basis to punish Plaintiff for protesting and encouraging others to protest in violation of her First Amendment rights.

25. As a result of their misconduct, Defendants are liable for Plaintiff's physical, mental, and emotional injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations

### FOURTH CAUSE OF ACTION
**(Municipal Liability for Unconstitutional Custom or Policy (Monell)–42 U.S.C. section 1983)**
*(Against Defendant BAY AREA RAPID TRANSIT and DOES 26-50)*

26. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 25 of this complaint.

27. Plaintiff is informed and believes and thereon alleges that high ranking

BAY AREA RAPID TRANSIT officials, including Defendants, and DOES 26-50, and/or each of them, knew and/or reasonably should have known about acts of misconduct by Defendants, and DOES 1-25, and/or each of them. Plaintiffs allege that BART Police Department Officials instructed and/or reasonably should have known that the Defendant Officers were using fictitious 5150 detentions as a basis to remove protesters from BART trains. Officials should have known about acts of misconduct by their Defendant Officers given that this incident of excessive force and misconduct is yet one more in a collection and string of excessive force incidents committed by BAY AREA RAPID TRANSIT Police Officers. For example:

a. In 2016, BART paid approximately $1.35 million to settle an excessive force case in which BART police officers threw a woman face first into the concrete causing her to break her jaw

6

and teeth.[1]

b. In 2017, a man sued BART because three BART police officers unlawfully beat him on video and piled on top of him at Embarcadero Station (the same station which Plaintiff was attacked by BART police officers).[2]

c. In 2017, a couple sued BART police because the BART Officers used excessive force and caused a pregnant woman to have a miscarriage.[3]

28.     Despite having such notice, Plaintiff is informed and believes and thereon alleges that Defendants, and DOES 1-50, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said officers. Plaintiff contends that high-ranking officers of the BART Police Department instructed and/or suggested for patrol officers to use mental health detentions as a way to remove protesters from trains and public places in anticipation of protests in response to President Trump's recent and infamous immigration ban in violation of protesters and Plaintiff's First Amendment rights.

29.     Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants, and DOES 1-50, and/or each of them, encouraged these officers to continue their course of misconduct, resulting in the violation of Plaintiff's rights as alleged herein.

30.     As against Defendant BAY AREA RAPID TRANSIT, Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the BAY AREA RAPID TRANSIT, Plaintiff further alleges that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of BAY AREA RAPID TRANSIT POLICE DEPARTMENT tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens.

---

[1] "BART settles $1.35 million excessive force case" (https://www.mercurynews.com/2016/05/20/bart-settles-1-35-million-excessive-force-case/)

[2] "Man Arrested By BART Police Last Year Sues Over Excessive Force" (http://sanfrancisco.cbslocal.com/2017/09/07/bart-police-excessive-force-lawsuit-michael-smith-embarcadero/)

[3] "Couple arrested by BART sue, say brutality caused miscarriage" (https://www.sfgate.com/crime/article/Couple-arrested-by-BART-sues-claiming-brutality-12184351.php)

7

31. Plaintiff is informed and believes and thereon alleges that the acts and omissions alleged herein are the direct and proximate result of the deliberate indifference of Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the BAY AREA RAPID TRANSIT, and each of them, to repeated acts of misconduct, which were tacitly authorized, encouraged or condoned by the Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the BAY AREA RAPID TRANSIT, and each of them.

32. The injuries and damages to Plaintiff as alleged herein were the foreseeable and proximate result of said customs, policies, patterns and/or practices of Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the BAY AREA RAPID TRANSIT, and each of them.

33. Plaintiff is informed and believes and thereon alleges that the damages sustained as alleged herein were the direct and proximate result of municipal customs and/or policies of deliberate indifference in the training, supervision and/or discipline of members of the Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the BAY AREA RAPID TRANSIT.

34. Plaintiff is further informed and believes and upon such information and belief alleges that Plaintiff's damages and injuries were caused by customs, policies, patterns or practices of Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the BAY AREA RAPID TRANSIT, and each of them, of deliberate indifference in the training, supervision and/or discipline of Defendants, and DOES 1-50, and/or each of them.

35. The aforementioned customs, policies or practices of Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the BAY AREA RAPID TRANSIT, and each of them, resulted in the deprivation of Plaintiff's constitutional rights.

36. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking BAY AREA RAPID TRANSIT officials, including high ranking BAY AREA RAPID TRANSIT POLICE DEPARTMENT supervisors, Defendants, and DOES 1-50, and each of them, and the aforementioned customs, policies or practices of Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the BAY AREA RAPID TRANSIT resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to, the following:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;

8

b.  The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution;

c.  The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution;  and/or,

d.  The right to free speech and protest as guaranteed by the First Amendment to the United State Constitution.

37.     Said rights are substantive guarantees under the First, Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.


**FIFTH CAUSE OF ACTION**
**(Assault and Battery – Violation of CALIFORNIA PENAL CODE § 242)**
*(Against Defendants Hofstein, Enerio and DOES 1-25)*

38.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 37 of this Complaint.

39.     Defendants, while working as Officers for the BART Police Department, and acting within the course an scope of their duties, intentionally struck and/or injured Plaintiff when they dragged and threw Plaintiff to the ground without a lawful basis.

40.     As a result of the actions of these Defendants, Plaintiff suffered severe physical and emotional injuries. The Defendant Officers did not have legal justification for using force against Plaintiff. This use of force occurred while carrying out their officer duties and was an unreasonable use of force and thus constituted both assault and battery.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth


**SIXTH CAUSE OF ACTION**
**(Negligence)**
*(Against Defendants Hofstein, Enerio and DOES 1-25)*

41.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 40 of this Complaint.

42.     The present action is brought pursuant to §§ 820 and 815.2 of the California Government Code. Pursuant to § 820 of the California Government Code, as public employees, DOES 1-25 are liable for injuries caused by their acts or omissions to the same extent as a private person. At

9

all times mentioned herein, DOES 1-25 were acting within the course and scope of their employment and/or agency with Defendant BART. As such, Defendant BART is liable in respondeat superior for the injuries caused by the acts and omissions of DOES 1-25 pursuant to § 815.2 of the California Government Code.

43.     Defendant Officers negligently and without due care violently threw Plaintiff to the concrete without legal justification. Plaintiff was injured as a proximate and direct cause of the Defendants' negligent conduct.

44.     The violent and needless assaults on Plaintiff occurred as a result of the absence of due care for the safety of others and constituted an unreasonable, unwarranted, and excessive use of force and manifested an unreasonable risk of injury to Plaintiff.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

**SEVENTH CAUSE OF ACTION**
**(Excessive Force in violation**
**of CALIFORNIA CIVIL CODE § 52.1 "The Bane Act")**
*(Against Defendants Hofstein, Enerio and DOES 1-25)*

45.     Plaintiff re-allege and incorporate by reference paragraphs 1 through 44 of this Complaint.

46.     Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with the Plaintiff's peaceable exercise and enjoyment of rights, including but not limited to their right to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to be free from state actions that shock the conscience, and to life, liberty, and property, secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1. Defendants are liable for Plaintiff's injuries as a result of their excessive force. As a result of their misconduct, Defendants are liable for Plaintiff's physical, mental, and emotional injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

**EIGHTH CAUSE OF ACTION**

**(False Imprisonment)**
*(Against Defendants Hofstein, Enerio and DOES 1-25)*

10

47.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 46 of this Complaint.

48.     Defendants seized intentionally seized Plaintiff without just cause and subsequently held her without cause. Plaintiff contends that Defendant knew that they had no reasonable suspicion and/or probable cause to detain and/or arrest Plaintiff. Nevertheless, Defendants used a 5150 detention in order to remove Plaintiff for protesting despite Plaintiff being able to care for herself, not being a danger to others and not being a danger to herself. Defendants held Plaintiff without a legal basis. As a result of their misconduct, Defendants are liable for Plaintiff's physical, mental, and emotional injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## NINTH CAUSE OF ACTION

### (False Arrest)
*(Against Defendants Hofstein, Enerio and DOES 1-25)*

49.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 48 of this Complaint.

50.     Defendants seized intentionally seized Plaintiff without just cause and subsequently held her without cause. Plaintiff contends that Defendant knew that they had no reasonable suspicion and/or probable cause to detain and/or arrest Plaintiff. Nevertheless, Defendants used a 5150 detention in order to remove Plaintiff for protesting despite Plaintiff being able to care for herself, not being a danger to others and not being a danger to herself. Defendants detained, arrested and held Plaintiff without a legal basis. As a result of their misconduct, Defendants are liable for Plaintiff's physical, mental, and emotional injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

11

**JURY DEMAND**

51.     Plaintiff hereby demands a jury trial in this action.

**PRAYER**

WHEREFORE, Plaintiff prays for relief, as follows:

1.     For general damages in a sum to be proven at trial;

2.     For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3.     For punitive damages against Defendant Hofstein, Defendant Enerio and DOES 1-50 in a sum according to proof;

4.     For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

5.     For reasonable attorney's fees pursuant to California Civil Code Section 52.1;

6.     Declaratory and injunctive relief, including but not limited to the following:

   i. An order requiring Defendants to institute and enforce appropriate and lawful policies and procedures for interacting and/or dealing with protesters.
   ii. An order requiring Defendants to institute and enforce appropriate and lawful policies and procedures for removing lawful passengers from train, train platforms and/or public places.

7.     For cost of suit herein incurred; and

8.     For such other and further relief as the Court deems just and proper.

Dated:  March 15, 2018                          **Law Offices of John L. Burris**

                                                \_\_\_/s/\_Adante D. Pointer\_\_\_\_
                                                Adante D. Pointer
                                                Attorneys for Plaintiff

12